Daniel Lee **HOLTERMAN,**
Petitioner—Appellant,

v.

Mitch **MORROW, Respondent—**
Appellee.

No. 02–36073.
D.C. No. CV–00–06149–HO.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 12, 2003.

Craig E. Weinerman, Office of the Federal Public Defender, Eugene, OR, for Petitioner–Appellant.

Timothy A. Sylwester, DOJ–Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

---

Before ALARCÓN, RAWLINSON, and BYBEE, Circuit Judges.

### MEMORANDUM**

Daniel Lee Holterman appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Holterman asserts that he was denied effective assistance of counsel because his trial and appellate attorneys neglected to preserve a transcript of an *in camera* hearing regarding his motion to compel disclosure of the identity of a confidential informant, and his appellate attorney failed to argue on his direct appeal that the trial court erred in denying the motion. We affirm the district court's order.

Because the parties are familiar with the facts, we repeat them here only as is necessary to our disposition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition since it was filed after April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, we review a Section 2254 petition to determine whether the state court's decision was contrary to or involved an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003). A district court's denial of a habeas corpus petition presents a question of law that is reviewed de novo. *Ho v. Carey,* 332 F.3d 587, 591 (9th Cir.2003); *Karis v. Calderon,* 283 F.3d 1117, 1126 (9th Cir.2002). Findings of fact are reviewed for clear error. *McNeely v. Blanas,* 336 F.3d 822, 826 (9th Cir.2003).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Following his conviction for aggravated murder, attempted aggravated murder, felony murder, attempted felony murder, and two counts of robbery in connection with the shooting of two dealers at an illegal gambling house, Mr. Holterman filed a petition for post-conviction relief in state court asserting that he had been deprived of effective assistance of counsel by his counsel's failure to preserve a transcript of the *in camera* hearing and present it to the court on direct appeal, and failure to raise on appeal the issue of whether the trial court should have ordered the disclosure of the confidential informant's identity. The state court denied his petition, stating that Mr. Holterman had not proved that he had been prejudiced by his counsel's alleged deficiencies.

Mr. Holterman contends that the state court's decision was contrary to Supreme Court precedent by requiring that he demonstrate prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), rather than presuming prejudice under *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), for failure to subject the prosecution's case to meaningful adversarial testing.

The Supreme Court in *Cronic* set forth three situations where prejudice could be presumed for Sixth Amendment claims, the second of which involved situations where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. In *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), the Court held that in order for *Cronic*'s second exception to apply, counsel must *completely and entirely* fail to subject the prosecution's case to meaningful adversarial testing. *Id.* at 697. Failure to oppose the prosecution's case at specific

points in the proceedings must be analyzed under *Strickland*, not *Cronic*. *Id.*

Prior to the publication of *Cone*, we applied *Cronic's* second exception only in situations where counsel entirely failed to contest the prosecution's case at a critical stage in the proceedings. *See United States v. Swanson*, 943 F.2d 1070, 1075 (9th Cir.1991) (counsel in his closing admitted all elements of guilt as to the only charge at issue). We have also analyzed claims of ineffective assistance of counsel based on an attorney's failure to raise arguments on appeal under *Strickland*, not *Cronic*. *See Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir.2002) (applying *Strickland* to petitioner's contention that appellate counsel was deficient for not raising on direct appeal the issue of trial counsel's failure to corroborate his defense theory); *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir.1992) (stating that the two-prong *Strickland* test governed petitioner's claim that appellate counsel was ineffective for failing to argue that petitioner was not provided with adequate notice of a felony-murder charge).

Here, counsel challenged the prosecution's case both at trial and on appeal. In fact, counsel raised various arguments on appeal, including the propriety of the court's exclusion of Mr. Holterman's proposed exculpatory evidence. Mr. Holterman points to one additional issue that he contends counsel should have raised. This does not amount to a complete failure to contest the prosecution's case.

Because the alleged errors occurred at specific points in the overall proceedings, Mr. Holterman was required to show "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. Mr. Holterman was not entitled to a presumption of prejudice. He has failed to argue or make a showing that he was prejudiced because he was

deprived of a fair trial. Accordingly, the state court's determination that he was not denied effective assistance of counsel was not contrary to federal law, nor did it involve an unreasonable application of Supreme Court jurisprudence.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.